IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL M. CABRAL, III | : | CIVIL ACTION |
| | : | NO. 13-cv-1384 |
| v | : | |
| | : | |
| MICHAEL WENEROWICZ, ET AL. | : | |

## REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                              October 3, 2013

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently incarcerated at State Correctional Institution at Graterford, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

On August 8, 2000, Judge John J. Rufe of the Bucks County Court of Common Pleas sentenced Cabral to 1 to 2 years imprisonment for delivery of a controlled substance (case # CP 003017/2000). His effective date of sentencing was March 25, 2000, with his minimum sentence ending on March 25, 2001 and his maximum on March 25, 2002. On that same date, Cabral was sentenced under case CP 3094/2000 to 6 to 23 months for delivery of a controlled substance. His effective date was March 25, 2000. His minimum date was calculated to be September 25, 2000 and his maximum date was February 25, 2002. Also on August 8, 2000, Judge Rufe sentenced Cabral to 6 to 23 months on CP 2652/2000 for possession of a controlled substance. The effective date was determined to be August 8, 2000, making his minimum date February 8, 2001 and his maximum date July 8, 2002.

On April 2, 2001, Judge Maurino J. Rossanese of the Montgomery County Court of Common Pleas, sentenced Cabral to 2 ½ to 5 years for burglary in case number CP 2646/1999

and CP 1658/1999. The effective date of sentencing was March 22, 2001. The minimum date was September 22, 2003 and the maximum date was March 22, 2006.

On January 29, 2002, Cabral appeared before Judge Thomas M. Delricci of the Montgomery County Court of Common Pleas and was sentenced to an aggregate term of eight to sixteen years imprisonment for rape, criminal solicitation, indecent assault and corruption of minors. He was sentenced to 7 to 14 years for rape (CP 0556/2000), 1 to 2 years consecutive for corruption of minors (CP 0556.4/2000), 7 to 14 years for criminal solicitation and rape (CP 0556.9/2000), 1 to 2 years consecutive for corruption of minors (CP 0556.8/2000), 1 to 2 years consecutive for indecent assault (CP 0556.7/2000). The effective date was January 29, 2002. His minimum date was calculated as January 29, 2010 and his maximum date was January 29, 2018.

Cabral filed several petitions in state court seeking credit for the time he served from March 25, 2000 to January 29, 2002 against his rape sentence. The state court affirmed the Department of Corrections' (DOC's) finding that the time period at issue- from March 25, 2000 (commitment date) to January 29, 2002 (sentencing date) had been previously credited to another sentence. He claims now that the DOC removed all credit for the time that the sentencing court gave him and seeks an order directing the DOC to give him credit for time served. (petition at pp. 8, 18).

Cabral asserts that the DOC has improperly increased his maximum date by misapplying or miscalculating his credit for time served. He claims that he should receive credit from March 25, 2000 to January 29, 2002 against his rape sentence. However, Cabral was sentenced to state prison terms for three separate groups of offenses, with sentences that overlap. Where credit for

time served has already been applied to one sentence, it cannot also be legally applied to another sentence.  Jackson v. Vaughn, 777 A.2d 436, 438 (Pa. 2001).  Cabral is not entitled to double credit for the time he served.

The records reflect that Cabral was given credit from March 25, 2000 to August 8, 2000 against his Bucks County sentence.  Cabral mentions that DOC removed credit that was given to him.  Credit for time served from March 25, 2000 to August 8, 2000 was removed from case number 2646/99 because Cabral was not arrested until after his maximum date of that sentence.  The credit was applied, instead to case number 3017/00 in accordance with Judge Rufe's sentencing order[1].  The DC-16E- Sentence Status Summary, attached to Respondent's Answer as Exhibit 3, states "Version 3 created to remove credit on CP2646/99- was not arrested until after the given credit ranges on these cases.  Version 4 created to remove credit on all cases of CP566/00- was sentenced on 08-08-00 in Bucks County on case CP3217/00- credit from 03-25-00 to 08-08-00 was applied to that sentence.  Therefore that credit cannot be applied to current case.  Doing so would be duplicate credit.  Per Honorable Rossanese, credit applied from 02-12-1999 to 02-22-1999 to CP2646-99."  This report shows that although it was removed from one sentence, credit for March 25, 2000 to August 8, 2000 was applied against his one to two year sentence for controlled substances (3017/00).  He therefore, is not entitled to receive credit for this time against his sentence for rape.

As to the remainder of the period for which he claims he should have received credit, August 8, 2000 to January 29, 2002, he was actively serving another sentence.  As of August 8, 2000, he was serving his one to two year Bucks County sentence under 003017/2000, 3094/2000 and 2652/2000.  The effective date of that sentence was March 25, 2000, making his minimum

---

[1] As the Respondent notes, Exhibit 3, p. 2 contains a typographical error and refers to Bucks County case number 3217/00, while the case number is actually 3017/00.

3

date March 25, 2001. He began serving the two and a half to five year sentences for his burglary convictions in case numbers 2646/1999, 2646.4/1999 and 1658/1999 as of March 22, 2001, his effective date for that case. Since he was serving these sentences, there is no credit due to him against the rape sentence for any of this time period. As Respondent asserts, Cabral is not entitled to additional credit, because during the time he claims he is owed credit, he was either actively serving another sentence or has already received the credit against another sentence.

Based on the foregoing, I make the following:

**R E C O M M E N D A T I O N**

AND NOW, this 3rd day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. **The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE